This is an appeal from an order overruling a general demurrer to the complaint in an action for divorce. The complaint contains the usual allegations as to residence and marriage, and then charges:
 4.
"That while plaintiff and defendant were living together as husband and wife near the village of Starkweather, in the county of Ramsey and state of North Dakota, commencing with the month of March, 1923, *Page 476 
and continuing for a period of at least nine months, the said defendant committed adultery with one _____, who was then and there a maid in the household of plaintiff and defendant and then and there of the age of sixteen years.
 5.
"That said defendant upon the discovery of his adulterous conduct by this plaintiff then and there promised this plaintiff to desist therefrom and to be a kind, loving and affectionate husband and at all times to conduct himself as a husband should, and with that understanding and the promises made on the part of defendant this plaintiff condoned such adultery, but that said defendant did not live up to his promises and did not treat this plaintiff nor conduct himself in a manner becoming to a husband and particularly in this, that he was devoid in his conduct of affection and love, and that largely as a result of the discovery of defendant's adultery this plaintiff became seriously ill and has remained until the present time and has been confined to her bed or wheel chair almost continuously for approximately one year last past, and was taken ill shortly after the discovery of such adultery on the part of the defendant and was ill more or less during the next succeeding year.
 6.
"That on account of plaintiff's health and necessity of receiving care and medical treatment, and with the consent and advice of this defendant, plaintiff went to reside at her parent's residence where she could be taken care of by her mother at Warwick on the 24th day of December, 1924, and that since said time she has been bed-ridden or confined to a wheel chair, and had to be taken to St. Paul and Fargo on a stretcher, and that during said period her health has been such that her physicians have a number of times held no hope for her recovery; that during said time the said defendant has been totally lacking of any evidence of affection but on the contrary has treated this plaintiff in a contemptible manner in sending her bills for the operating of the farm and bills generally, knowing full well that she had no money with which to pay them, and generally harrassed her in every way possible and *Page 477 
very seldom went to see her, and that his conduct ever since the discovery of adultery on his part as aforesaid by this plaintiff has not been such as to indicate any repentance on his part or any desire to be a loving and affectionate husband, and by reason of his conduct the said condonation has been revoked
 7.
"That defendant conveyed the farm owned by him to this plaintiff, which farm is just outside the village of Starkweather and which conveyance was sometime in the fall of 1924, but that said farm was heavily incumbered and this plaintiff had no money with which to pay interest on mortgages or taxes, excepting a small income which she has been able to obtain from said premises; that defendant has in no way attempted to assist this plaintiff, he knowing that she was bedridden and under heavy expense for operations and medical treatment, but has harrassed her by sending her bills of every kind and character and has refused to let her have her household goods which belong to her; that this defendant has been sublessee of said premises and that this plaintiff has not received sufficient income to pay the interest and taxes and that she has had during the past year approximately $1,500 expense for medical and surgical aid; that said defendant has made no effort to pay any portion of such medical aid nor in any other manner tried to alleviate her physical distress but on the contrary by his conduct has evinced a gloating pleasure over the same.
"For a second cause of action:
. . . . . . .
 2.
"That by reason of the adultery of defendant and his failure to show any love or affection for this plaintiff and by reason of the contempt which he has shown for her and his studied attempt to harrass her by his refusal to make any attempt to assist her in her illness by providing her with medical aid and by sending her bills whether she was liable or not, this plaintiff has suffered great mental anguish and physical suffering and to such an extent as to permanently injure her in her health." *Page 478 
The complaint alleges adultery as a ground for the divorce, the condonation of the same and a revocation of the condonation. Under the statute (Comp. Laws 1913, § 4391), condonation implies a condition subsequent, that the forgiving party must be treated with conjugal kindness. Section 4392 of the Compiled Laws for 1913 provides specifically that condonation is revoked and the original cause for divorce renewed when the condonee is guilty of great conjugal unkindness, even though such unkindness in itself does not amount to a cause for divorce "but sufficiently habitual and gross to show that the conditions of condonation had not been accepted in good faith or not fulfilled." We are of the opinion that the complaint sufficiently alleges a cause for divorce on the ground of adultery and that the allegations concerning the condonation and the subsequent conduct are sufficient to show prima facie a revival of this cause. Gardner v. Gardner, 9 N.D. 192, 82 N.W. 872.
We think the complaint should also be read with a view to its sufficiency as alleging a cause on the statutory ground of extreme cruelty. It will be noted that it contains allegations that the complainant is practically an invalid; that she was rendered such largely as the result of the defendant's misconduct; that during such time the defendant has been totally lacking in any evidence of affection, has treated her in a contemptible manner, sending her bills for the operating of the farm and bills generally, knowing that she had no money to pay them, and has generally harrassed her in every way possible, seldom seeing her; that he in no way attempted to assist the plaintiff, and refused to let her have household goods which belonged to her; that she had incurred $1,500 expenses for medical and surgical aid and that defendant had made no effort to pay any portion of the same nor to alleviate her physical distress but, on the contrary, had evinced a "gloating pleasure" over the same; that he refused to make any attempt to provide her with medical aid; that by reason of the contempt shown and his studied attempt to harrass the plaintiff by his refusal to render any assistance, the plaintiff has undergone great mental anguish and physical suffering to such an extent as to permanently injure her health. We are of the opinion that the allegations are sufficient to set forth a cause for divorce *Page 479 
on the statutory ground of extreme cruelty. Comp. Laws 1913, §§ 4380, 4381; 9 R.C.L. pp. 341, 342.
Order affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.